John C. Taylor, State Bar No. 78389
Natalie Weatherford, State Bar No. 278522
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone:   (310) 209-4100
Facsimile:   (310) 208-5052
Email:  Taylor@taylorring.com;
Email:  Weatherford@taylorring.com

Attorneys for Plaintiffs,
JANE DOE 1 and JANE DOE 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, et al., <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, et al. <br><br> Defendants. | **CASE NO.: CV 21-8412-JFW (AGRx)** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF JANE DOE 1 AND JANE DOE 2'S NOTICE OF MOTION AND MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS** <br><br> Hearing Date: December 6, 2021 <br> Time: 1:30p.m. <br><br> The Honorable John F. Walter <br> United States District Court Judge |

## I.  INTRODUCTION

This case arises from the childhood sexual abuse of Jane Doe 1 and Jane Doe 2 when they were minors and residents of the MacLaren Hall childrens' facility owned and operated by Defendant County of Los Angeles. The abuse of Plaintiffs was perpetrated by adult male employees of Defendant County of Los Angeles who were employed at MacLaren Hall and charged with caring for the children housed in MacLaren Hall, including the Plaintiffs.

1

**PLAINTIFF JANE DOE 1 AND JANE DOE 2'S POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

The abuse included forced oral and vaginal penetration.

As a victims of childhood sexual abuse, Plaintiffs Jane Doe 1 and Jane Doe 2 have a strong need to remain anonymous, in order to maintain their privacy and avoid the further severe psychological damage that would result from her being publicly known and identified.

Prior to filing this motion, on November 1, 2021, Plaintiffs' counsel asked Defendant County of Los Angeles whether they would oppose Plaintiffs proceeding under pseudonyms. As of the date of the filing of this motion, Plaintiffs' counsel has not received a response. Plaintiffs' counsel will update the Court with Defendant's response once it is received.

This motion appears suitable for determination without oral argument pursuant to L.R. 7-5. See *Doe v. Penzato*, No. CV-10-5154-MEJ, 2011 WL 1833007, at *1 (N.D. Cal. 2011) (applying similar local rule of the Northern District of California).

## II. STATEMENT OF FACTS

Jane Doe 1 and Jane Doe 2 were victims of unlawful physical and sexual abuse, and other misconduct while they were residents of the MacLaren Hall facility owned and operated by Defendant County of Los Angeles. The abuse of Plaintiffs was perpetrated by adult male employees of the County of Los Angeles who were employed at MacLaren Hall and charged with caring for the children housed in MacLaren Hall, including the Plaintiffs.

The abuse of Jane Doe 1 began in approximately 1967 when she was 1 year old and continued until 1975, when she was 8 years old. The abuse incidents occurred in MacLaren Hall where Jane Doe 1 resided for those years. The abuse consisted of forced vaginal and oral intercourse, digital penetration, groping and other sexual acts perpetrated by adult, male employees of MacLaren Hall, under the supervision and employ of Defendant County of Los Angeles.

///

**PLAINTIFF JANE DOE 1 AND JANE DOE 2'S POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

The abuse of Jane Doe 2 began in approximately 1968 when she was 8 years old and continued until 1969, when she was 9 years old. The abuse incidents occurred in MacLaren Hall where Jane Doe 2 resided for those years. The abuse consisted of forced vaginal and oral intercourse, digital penetration, groping and other sexual acts perpetrated by adult, male employees of MacLaren Hall, under the supervision and employ of Defendant County of Los Angeles.

### III. ARGUMENT

**A. AS VICTIMS OF CHILDHOOD SEXUAL ABUSE, PLAINTIFFS' NEED FOR ANONYMITY OUTWEIGHS THE PUBLIC'S INTEREST IN KNOWING THEIR IDENTITIES**

District Courts may permit victims of sexual assault to pursue a civil case for damages anonymously, as doing so "serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes." *Doe K.G. v. Pasadena hospital Ass'n, Ltd.,* No. 218CV08710ODWMAAX, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019).

Although the "normal presumption in litigation is that the parties must use their real names," *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596, F.3d 1036, 1042 (9th Cir.2010), a party will be permitted to proceed anonymously when "special circumstances justify secrecy," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

The standard applied when determining whether a party may be permitted to proceed anonymously is whether "the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. District Courts have broad discretion to make this determination. *Id*. at 1045-46. "Several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed

**PLAINTIFF JANE DOE 1 AND JANE DOE 2'S POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

anonymously outweighs any public interest in the plaintiff's identity. *Pasadena Hospital Ass'n*, 2019 WL 1612828, at *1 (collecting cases). This is because, among other reasons, litigation of this type "involves matters of a highly sensitive and personal nature" to the victim, "including the emotional and

psychological impact of being a victim of . . . sexual battery," and because publicizing the victim's name would "open her to inquiries from the press and other interested individuals," thereby compromising her "ability to recover from her trauma." See *Penzato*, 2011 WL 1833007 at *2.

In this case, it is clear that Plaintiffs' need for privacy outweighs any public interest in knowing their identities or prejudice to the Defendant.

The Plaintiffs, both adult women living in and around the Los Angeles, have suffered immensely from the sexual abuse they experienced when they were minors. At the time this case was filed in June 2021, the case received media attention and several news outlets reported on the Jane Doe plaintiffs. If Plaintiffs were required to proceed under their true names, a high likelihood exists that their identities would become publicly known and their status as victims of childhood sexual abuse would become known to persons outside of the litigation such as friends, family members, significant others, employers and others who Plaintiffs do not wish to disclose the abuse to.

There is no significant prejudice to the Defendant County of Los Angeles. Plaintiffs' identities are known to Defendants and will be known through discovery and depositions. Further, as many courts have recognized, there is generally no prejudice to a defendant where the plaintiff discloses her name to the defendants and seeks only anonymity in the public record. See, e.g., *Advanced Textile Corp.*, 214 F.3d at 1072; *Doe v. City & Cty. of San Francisco*, No. 16-CV-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. 2017).

///
///
///

4

**PLAINTIFF JANE DOE 1 AND JANE DOE 2'S POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their requested leave to proceed anonymously under pseudonyms.

Dated: November 2, 2021    **TAYLOR & RING, LLP**

By: _____
John C. Taylor
Natalie Weatherford
Attorneys for Plaintiffs

**PLAINTIFF JANE DOE 1 AND JANE DOE 2'S POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES )

I, Analisa M. Alvarez, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action or proceeding; my business address is 1230 Rosecrans Avenue, Suite 360, Manhattan Beach, CA 90266; telephone (310) 209-4100.

On November 2, 2021, I served the foregoing document described as **PLAINTIFF JANE DOE 1 AND JANE DOE 2'S POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS** on all interested parties in this action

[XX] By placing [ ] the original [XX] a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] **BY MAIL** as indicated on the attached service list.
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY E-MAIL** as indicated on the attached service list.

[XX] **BY ELECTRONIC SERVICE** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on November 2, 2021, at Manhattan Beach, California.

[XX] **(FEDERAL)** I certify that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

_____
Analisa M. Alvarez
(Analisa@taylorring.com)

6

# SERVICE LIST

<u>JANE DOE 1, et al., vs. COUNTY OF LOS ANGELES, et al.</u>
CASE NO.: CV 21-8412-JFW (AGRx)

Avi Burkwitz, Esq.
Darren V. Pang, Esq.
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Tel. 818.562.5800
Fax 818.562.5810
Email: aburkwitz@pbbllp.com; dpang@pbbllp.com;

Attorneys for Defendant, COUNTY OF LOS ANGELES

7

**PLAINTIFF JANE DOE 1 AND JANE DOE 2'S POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**